UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY KERSPILO,

               Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

Case No.  13-CV-14476

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE CHARLES E. BINDER

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [24],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [21],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR
REMAND [17], AND OVERRULING PLAINTIFF'S OBJECTION [25]**

On November 6, 2014, Magistrate Judge Binder issued a Report and Recommendation ("R&R") [24] recommending that Defendant's Motion for Summary Judgment [21] be granted and that Plaintiff's Motion for Summary Judgment [17] be denied.  Plaintiff filed an Objection [25] on November 20, 2014.

For the reasons stated below, the R&R [24] is ADOPTED and is entered as the findings and conclusions of the Court.  Defendant's Motion for Summary Judgment [21] is GRANTED.  Plaintiff's Motion for Summary Judgment or remand[17] is DENIED.  Plaintiff's Objection [25] is OVERRULED.

## STATEMENT OF FACTS

Plaintiff applied for disability benefits on March 23, 2011, alleging that he became disabled and unable to work on November 19, 2009.  The Magistrate Judge summarized the administrative record of Plaintiff's disability application as follows:

> Plaintiff was 46 years old at the time of the hearing. (Tr. 38.) Plaintiff has a high school education. (*Id.*) Plaintiff last worked in November 2009 as a forklift driver. He testified that he and others were permanently laid off, he had worked approximately eight months of that year and missed about 14 to 15 days of work due to his back and knee conditions. In the last few months of that job his position was to sequence radiators. (Tr. 39.) Prior to that, he worked at a solar panel company where the heaviest thing he lifted were solar panels, which he estimated to be more than 10 pounds but not more than 20 pounds in weight. (Tr. 40.) Plaintiff testified that his current income was from a Veterans Affairs (VA) Disability of 30 percent. (Tr. 41.)
>
> Plaintiff testified that he is unable to work due to back pain. (*Id.*) He described back pain that travels down the left leg and causes his left foot to go numb. (Tr. 45-46.) He testified that he can sometimes only sit for 15 to 20 minutes at a time before needing to lie down, he cannot use stairs or walk long distances due to his knee impairments, and he has abdominal pain. (Tr. 41.) He stated that these problems started after a snowmobile accident in 1992. (*Id.*) He testified that the conditions progressively worsened over the years and "went right downhill" in 2009. (*Id.*) He testified that the VA had also started treating him with medication for depression and his first treatment took place in the week prior to his hearing. (Tr. 42.) At the hearing it was noted that he was wearing knee braces and Plaintiff testified that he wears them "[w]henever I go anywhere. . . Some days it depends on the weather . . . and if it's wet and cold out, I'll put them on. . . . [I]f it's like real warm, then I won't put them on." (Tr. 46.) Plaintiff was also using a cane at the hearing and testified that he uses it everyday, all day, for walking, stability and getting up. (Tr. 46-47.) He testified that he can stand for about 20 minutes, walking varies from day

to day, he can lift less than 10 pounds due to his back and he has problems bending over. (Tr. 47-48.)

Plaintiff testified that he does no cooking, but can make a sandwich, soup or cereal, and he does some vacuuming but takes a break and lies down after doing a room. (Tr. 43.) He described being able to go shopping with his mother but after 10 to 15 minutes he returned to the car and lay down due to back and knee pain. (*Id.*) He testified that he naps about twice a day for an hour to two hours after he takes his pain medication, which makes him "tired" and "fuzzy-headed." (Tr. 45.) Plaintiff has a driver's license and is able to drive. (Tr. 39.) He testified that he tried going to school and he cannot focus because of the pain. (Tr. 49.) He has "bad days" anywhere from two to four days per month. (Tr. 50.)

The ALJ asked the vocational expert ("VE") to consider an individual of Plaintiff's age, education and work experience who is able to perform light work as defined by the Regulations and further limited as follows:

> He can only occasionally climb, balance, stoop, crouch, kneel, or crawl. He must avoid concentrated exposure to extreme heat, cold and humidity. He must avoid exposure to vibration, concentrated exposure to vibration (sic) and also concentrated exposure to hazards. (Tr. 52.)

The VE testified that such an individual could not perform Plaintiff's past work, but that there are other unskilled, light exertion jobs that such an individual could perform, including the following within the region defined as the lower peninsula of the state of Michigan: Hand packer with 6,000 jobs, production inspector with 2,800 jobs, and office machine operator with 1,450 jobs. (Tr. 51-53.) The ALJ then asked the VE to consider the same individual, but with a limitation to sedentary exertion work. (Tr. 53.) The VE testified that the following jobs would be available: sorter packer with 1,250 jobs, visual inspector with 2,175 jobs, and visual surveillance monitor with 1,200 jobs. (*Id.*)

Finally, the ALJ asked the VE to consider an individual "unable to engage in sustained work activity on a regular and continuing basis for eight hours a day, five days a week for a 40-

hour workweek or an equivalent work schedule, . . . ." (*Id.*) The VE testified that there would be no work available for such an individual. (*Id.*) The VE confirmed that her testimony had been consistent with the DOT. (Tr. 53-54.) Plaintiff's attorney also questioned the VE. (Tr. 54- 55.)

On July 16, 2012, the ALJ denied Plaintiff's application for disability benefits, finding him not disabled within the meaning of the Social Security Act at any time from November 19, 2009, through the date of the ALJ decision. The Appeals Council denied Plaintiff's request for review on August 21, 2013. On October 24, 2013, Plaintiff filed the instant suit for judicial review on the ALJ's decision.

## STANDARD OF REVIEW

This Court reviews objections to an R&R on a dispositive motion *de novo. See* 28 U.S.C. § 636(b)(1)(c).  Judicial review of a decision by an Administrative Law Judge ("ALJ")  is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The ALJ's factual findings "are conclusive if supported by substantial evidence."  *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987).  "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  The substantial evidence standard "does not permit a selective reading of the record," as the reviewing

court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984).

## ANALYSIS

Plaintiff raises three objections to the R&R [24]. First, Plaintiff argues that the Magistrate Judge incorrectly assessed the new evidence submitted after the ALJ's decision. Second, Plaintiff argues that the Magistrate Judge improperly found that the ALJ's determination of Plaintiff's non-reliance on a cane was based on substantial evidence. Finally, Plaintiff objects to the weight the ALJ accorded to his treating physician's opinion.

### I. Objection One: New Evidence

Plaintiff objects to the R&R's analysis of the new evidence which was not presented before the ALJ. Specifically, the Functional Capacity Evaluation (FCE) dated August 20, 2012, and performed by an occupational therapist in vocational rehabilitation. (Tr. 14-18). The FCE post-dates the ALJ decision by one month and post-dates the hearing by approximately two months. The FCE was submitted before the Appeals Council.

The R&R concluded that "the court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is

supported by substantial evidence." *Wyatt v. Sec'y of Health and Human Services.*, 974 F.2d 680, 685 (6th Cir. 1992) (citing *Richardson*, 402 U.S. at 401).  However, the Court may remand a case to the ALJ to consider new evidence upon the showing "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). This is also known as a "six sentence remand" *See Delgado v. Comm'r of Soc. Sec.*, 30 Fed. Appx. 542, 549 (6th Cir. 2002).

Section 405(g) requires Plaintiff to show good cause in order for the Court to issue a six sentence remand for the ALJ to consider evidence introduced after the ALJ's initial review.  The R&R found that the Plaintiff did not specifically request a six sentence remand under 42 U.S.C. § 406(g).  Nevertheless, the R&R concluded that Plaintiff failed to satisfy the statutory burden required for a six sentence remand.  As the R&R states, Plaintiff did not show good cause for failing to submit the FCE earlier.  Although Plaintiff's Objection [25] recites the rule that a showing of good cause is required for the Court to consider an untimely FCE, he does not offer a good cause in the case at bar.  [25] at 2.  Plaintiff has not shown good cause for the Court to remand the case for the ALJ to consider the untimely FCE.

In order for the Court to consider new evidence, the evidence must also relate "to the period on or before the date of the administrative law judge decision." 20

C.F.R. § 404.970(b). The R&R concluded that Plaintiff did not meet the relation requirement of additional evidence. Additionally, "evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992).

Plaintiff's Objection [25] argues that as the FCE was conducted a month after the ALJ decision and, therefore, is "reasonably related to the time period adjudicated by the ALJ." [25] at 3. This argument fails to explain how the FCE relates to evaluations conducted prior to the ALJ decision, and instead merely relies on temporal proximity to be sufficient. (Objections at 4). Without any bridge connecting the FCE with the administrative record, however, it is unclear how the new evidence relates to the record before the ALJ.

### Objection Two: Cane

The Plaintiff argues that the R&R's analysis his cane was unreasonable because there was not substantial evidence to support the conclusion that Plaintiff does not need to rely on a cane.

The ALJ discussed in detail the examination by Dr. Robert Jamieson. Tr. at 27. Dr. Jamieson stated that the Plaintiff was "slightly unsteady on his feet," and noted that the Plaintiff used "a cane for ambulation on a consistent basis." *Id*. However, during the examination, the Plaintiff was able to perform "fairly well without a cane, even though the claimant reported that he needs one all the time." *Id*. Furthermore,

the ALJ found Dr. Jamieson's findings to be consistent with Dr. Choi's, a State Agency (DDS) reviewing physician. Dr. Choi determined that the Plaintiff is capable of performing a significant range of light work activity, including "occasional climbing, balancing, stooping, kneeling, and crouching." *Id.* In making the final determination, the ALJ based his decision on the findings of Dr. Choi and Jamieson, both whom found a full range of motion in the Plaintiff's knees and concluded that he does not require a cane. The record contains substantial evidence to support the conclusion that Plaintiff does not need a cane for ambulation or standing.

The ALJ's finding that the Plaintiff was limited to a sedentary range of standing and/or walking was supported by substantial evidence.

**Objection Three: Treating Physician's Opinion**

The Plaintiff argues that the ALJ did not give the proper weight to his treating physician, Dr. Karthikryan. Dr. Karthikryan completed a Functional Capacity Questionnaire on March 17, 2011. Tr. At 190. Dr. Karthikryan stated that she treated the Plaintiff about every six months between April 21, 2010 and March 11, 2011. *Id.* In the questionnaire, Dr. Karthikryan opined that in an eight hour workday, Plaintiff can sit and stand/walk for zero to two hours. *Id.* Additionally, she stated that Plaintiff could rarely lift and carry ten pounds and never carry twenty to fifty pounds. *Id.* She

also opined that Plaintiff had a reduced range of motion, impaired sleep, and a prescribed cane or walking device. *Id*. Finally, she stated that Plaintiff's pain was severe enough to frequently impair him during a workday. *Id*.

Plaintiff argues that the ALJ violated the Treating Physician's Rule. This argument is without merit because the ALJ's decision satisfies the three part test in *Wilson*. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004). The ALJ specifically stated that Dr. Karthikryan's opinion was inconsistent with other substantial evidence in the case record, identified the evidence that supports that finding, and determined the weight given to the treating source's opinion. Tr. at 29-30.

"An ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(c)(2)). "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in

determining what weight to give the opinion." *Id.* Additionally, ALJs must "always give good reasons" for the weight accorded to a treating source's opinion. 20 C.F.R. § 404.1527(c)(2).

The ALJ considered all the mandatory factors. The ALJ specifically stated that controlling weight is given to the opinion of a treating physician if it is well supported by medical evidence and if it is not inconsistent with other substantive evidence. Tr. at 29. The ALJ noted that Dr. Karthikryan's opinion was inconsistent with the findings of Dr. Jamieson and that objective clinical evidence did not demonstrate a significant reduced level of functioning. *Id.* The ALJ also cites several exhibits on the record with conflict with the treating physician's opinion. Tr. at 30. Thus, the ALJ gave good reasons for not affording controlling weight to Dr. Karthikryan's opinion. Tr. at 29.

The ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible. (Tr. at 30). Dr. Karthikryan's opinion regarding sitting and standing/walking were based on Plaintiff's subjective reports. Tr. at 626. On the same day, Dr. Karthikryan completed the questionnaire, her progress notes state that there was "no stenosis, mild disc bulge, seen PM, R and had PT, tramadol not helping the pain, will switch to [Tylenol] #3 prn as planned, neurologically stable, chiropractor consult pending, disability form filled

during this visit." Tr. at 627. The ALJ determined that Dr. Karthikryan failed to provide an objective basis for her opinion and credited evidence that contradicted her opinion.

## CONCLUSION

The Court having reviewed the record in this case, the R&R [24] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment or Remand [17] is **DENIED**.

**IT IS ORDERED** that Plaintiff's Objection [25] is **OVERRULED**.

This case is **CLOSED**. **SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 19, 2015          Senior United States District Judge